IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 02-10428
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOVON JAMES HOLCOMB,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:01-CR-177-3-A
--------------------
January 7, 2003

Before JOLLY, HIGGINBOTHAM and DAVIS, Circuit Judges.

PER CURIAM:[*]

Jovon James Holcomb appeals his sentence following his plea
of guilty to two counts of using and carrying a firearm during
and in relation to a crime of violence, and aiding and abetting.
Holcomb argues that, although the district court had the
authority to depart upwards, it abused its discretion in upwardly
departing from the guideline range, given his substantial

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

assistance and because the court did not upwardly depart in sentencing one of his codefendents, Adrium Clark.

Although Holcomb argued at the sentencing hearing that he should be granted a downward departure, he did not argue at sentencing, as he does on appeal, that an unwarranted sentencing disparity exists between his sentence and that of a codefendant. Therefore, this court reviews for plain error only. To establish plain error, an appellant bears the burden to show: (1) there is an error, (2) that is clear or obvious, and (3) that affects his substantial rights. United States v. Calverley, 37 F.3d 160, 162-64 (5th Cir. 1994) (en banc) (citing United States v. Olano, 507 U.S. 725, 731-37 (1993)).

Although the district court should strive to avoid sentencing disparities, see 18 U.S.C. § 3553(a)(6), a codefendant's sentence is not a "yardstick" by which to measure the sentence of another codefendant. See United States v. Sparks, 2 F.3d 574, 587 (5th Cir. 1993). A defendant "cannot base a challenge to his sentence solely on the lesser sentence given by the district court to his codefendant." United States v. Boyd, 885 F.2d 246, 249 (5th Cir. 1989); United States v. Lindell, 881 F.2d 1313, 1324 (5th Cir. 1989). Thus, Holcomb has not demonstrated plain error with respect to his disparity-in-sentencing argument.

Moreover, the district court explicitly stated that its upward departure was designed to avoid disparity in sentencing

and that the court had considered the fact that codefendant Cedric Diggs had received a 738-month sentence, codefendant Andreco Lott had received a 1,111-month sentence, and Clark had received a 438-month sentence.  At Clark's sentencing hearing, the district court considered the fact that Clark already had been sentenced to 12 years by the state court.  The district court ordered that Clark's federal sentence be consecutive to his state-court sentence.  Thus, in sentencing Clark, the district court knew that Clark was being sentenced to a total of 582 months.

Holcomb has failed to show that his sentence was plain error.  The judgment of the district court is AFFIRMED.